**F I L E D**

JUL 18 2008

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. **08 CR 569** |
| v.                       ) | |
| BRIAN C. ROGERS          ) | Violation: Title 18, United States Code, Section 1344; Title 26, United States Code, Section 7203. |

**JUDGE KOCORAS**

**MAGISTRATE JUDGE COLE**

### COUNT ONE

The UNITED STATES ATTORNEY charges:

1. At times material herein:

   a. Defendant BRIAN C. ROGERS, operated an automatic teller machine (ATM) servicing business known as Crystal Communications, located in Orland Park and Lansing, Illinois.

   b. Company A owned and operated ATM machines in Northern Illinois and Northwest Indiana, and employed ROGERS and his business Crystal Communications to service these ATM machines.

   c. Company A maintained business checking accounts at First National Bank of Illinois and Founders Bank, and provided ROGERS with signatory authority over those accounts to provide ROGERS with the ability to obtain the cash necessary to fill Company A's ATM machines.

   d. First National Bank of Illinois, located in Lansing, Illinois and elsewhere, was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

   e. Founders Bank, located in Orland Park, Illinois and elsewhere, was a financial institution, the deposits of which were insured by the FDIC.

2. Beginning no later than in or about September 30, 2005 and continuing until at least on or about March 21, 2006, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRIAN C. ROGERS,

defendant herein, knowingly devised and participated in a scheme to defraud financial institutions and to obtain moneys, funds, and credits owned by and under the custody and control of financial institutions by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described in the following paragraphs.

3. It was part of the scheme that ROGERS devised and participated in a scheme to defraud First National Bank of Illinois and Founders Bank by creating fictitious and fraudulently inflated balances in various bank accounts, and then withdrawing funds from the accounts based on the inflated balances, commonly referred to as "check kiting," causing a loss to the banks totaling approximately $340,000.

4. It was further part of the scheme that ROGERS caused a series of worthless checks - knowing that the checks were worthless - to be written and drawn against checking accounts at First National Bank of Illinois and Founders Bank. ROGERS wrote checks drawn on those accounts knowing that the accounts did not have sufficient funds to cover the checks.

6. It was further part of the scheme that ROGERS knowingly caused worthless checks drawn on Company A's account at Founders Bank to be deposited into Company A's account at First National Bank of Illinois, and worthless checks drawn on Company A's account at First National Bank of Illinois to be deposited into Company A's account at Founders Bank, for the purpose of creating falsely inflated balances designed to deceive the respective victim banks into honoring and paying checks drawn on those accounts.

7. It was further part of the scheme that ROGERS presented, and caused to be presented,

numerous worthless checks at the victim banks, even though ROGERS knew that the accounts on which those checks were drawn did not contain sufficient funds to cover the checks.

8. It was further part of the scheme that ROGERS presented, and caused to be presented, numerous worthless checks at the victim banks, to conceal his embezzlement and conversion of Company A's funds from its checking account at First National Bank of Illinois which were designated to fill ATM machines owned and operated by Company A.

9. It was further part of the scheme that ROGERS made withdrawals against the fraudulently inflated balances in those checking accounts.

10. On or about March 17, 2006 in Lansing, in the Northern District of Illinois,

### BRIAN C. ROGERS

defendant herein, knowingly executed and attempted to execute the above-described scheme to defraud and obtain money, by causing a check that he signed as maker drawn on an account at Founders Bank to be deposited into a bank account of which he was a signatory, at First National Bank of Illinois, in the amount of approximately $340,000, knowing that there were insufficient funds available at Founders Bank to cover that check which he deposited;

In violation of Title 18, United States Code, Section 1344.

## COUNT TWO

The UNITED STATES ATTORNEY further charges:

During the calendar year 2006, in the Northern District of Illinois,

BRIAN C. ROGERS,

defendant herein, who was a resident of the Northern District of Illinois, had and received gross income of approximately $120,386; by reason of such gross income he was required by law, following the close of the calendar year 2006 and on or before April 17, 2007, to make an income tax return to the Director of the Internal Revenue Service Center, Midwest Region, Kansas City, Missouri, or to the District Director of the Internal Revenue Service for the Internal Revenue District of Chicago, at Chicago, in the Northern District of Illinois, or to any other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled; well knowing all the foregoing facts, he willfully did fail to make an income tax return to said Director of the Internal Revenue Service Center, to said District Director of the Internal Revenue Service, or to any other proper officer of the United States;

In violation of Title 26, United States Code, Section 7203.

## COUNT THREE

The UNITED STATES ATTORNEY further charges:

During the calendar year 2005, in the Northern District of Illinois,

BRIAN C. ROGERS,

defendant herein, who was a resident of the Northern District of Illinois, had and received gross income of approximately $353,398; by reason of such gross income he was required by law, following the close of the calendar year 2005 and on or before April 17, 2006, to make an income tax return to the Director of the Internal Revenue Service Center, Midwest Region, Kansas City, Missouri, or to the District Director of the Internal Revenue Service for the Internal Revenue District of Chicago, at Chicago, in the Northern District of Illinois, or to any other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled; well knowing all the foregoing facts, he willfully did fail to make an income tax return to said Director of the Internal Revenue Service Center, to said District Director of the Internal Revenue Service, or to any other proper officer of the United States;

In violation of Title 26, United States Code, Section 7203.

UNITED STATES ATTORNEY