FILED
7-29-2008
JUL 29 2008
Judge Charles P. Kocoras
United States District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 08 CR 0569 |
| vs. | ) | Judge JUDGE KOCORAS |
| BRIAN C. ROGERS | ) | MAGISTRATE JUDGE COLE |

PLEA AGREEMENT

This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and the defendant, BRIAN C. ROGERS, and his attorney, GERALD COLLINS, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 08CR569.

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever, of the United States or its agencies. Moreover, this Agreement is limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities except as expressly set forth in this Agreement.

By this Plea Agreement, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and the defendant, BRIAN C. ROGERS, and his attorney, GERALD COLLINS, have agreed upon the following:

1.  Defendant acknowledges that he has been charged in the information in this case with bank fraud in violation of Title 18, United States Code, Section 1344, and with failing to file tax

returns for the calendar years 2005 and 2006 in violation of Title 26, United States Code, Section 7203.

2. Defendant has read the charges against him contained in the information, and that those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to each of the three counts of the information in this case.

5. Defendant will plead guilty because he is in fact guilty of the charges contained in the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

**Count One -- Bank Fraud**

(a) With respect to Count One, defendant BRIAN C. ROGERS devised a scheme to defraud financial institutions means of materially false and fraudulent pretenses in violation of Title 18, United States Code, Section 1344.

Specifically, between November 11, 2005 and March 2006, ROGERS, operated an automatic teller machine (ATM) servicing business known as Crystal Communications, located in Orland Park and Lansing, Illinois. "Company A" owned and operated ATM machines in Northern Illinois and Northwest Indiana, and employed ROGERS and his business Crystal Communications to service these ATM machines. Company A maintained business checking accounts at First National Bank of Illinois and Founders Bank, and provided ROGERS with signatory authority over those accounts to provide ROGERS with the ability to obtain the cash necessary to fill Company A's

ATM machines. First National Bank of Illinois and Founders Bank were financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

Beginning no later than September 30, 2005 and continuing into March 2006, ROGERS began embezzling funds Company A which maintained in its bank account at First National Bank of Illinois. Company A provided ROGERS with access to its bank account so that ROGERS could replenish cash reserves held in ATM machines owned by Company A. Beginning no later than September 30, 2005 and continuing until at least March 21, 2006, ROGERS devised and participated in a scheme to defraud First National Bank of Illinois and Founders Bank by creating fictitious and fraudulently inflated balances in Company A's accounts at these banks, and then withdrawing funds from the accounts based on the inflated balances, in order to conceal his embezzlement from the Company A. In order to carry out the scheme, ROGERS wrote a series of worthless checks - knowing that the checks were worthless- against Company A's checking accounts at First National Bank of Illinois and Founders Bank. On multiple occasions between September 30, 2005 and March 21, 2006, ROGERS wrote checks drawn on those accounts knowing that the accounts did not have sufficient funds to cover the checks. ROGERS knowingly caused worthless checks drawn on Company A's account at Founders Bank to be deposited into Company A's account at First National Bank of Illinois, and worthless checks drawn on Company A's account at First National Bank of Illinois to be deposited into Company A's account at Founders Bank, for the purpose of creating falsely inflated balances designed to deceive the respective victim banks into honoring and paying checks drawn on those accounts. After presenting these worthless checks, the defendant made withdrawals against those fraudulently inflated balances.

In furtherance of the scheme, on March 17, 2006, ROGERS deposited check number 1386 that he signed as maker drawn on an account of Company A at Founders Bank to be deposited into a bank account of Company A to which he was a signatory, at First National Bank of Illinois, in the amount of approximately $340,000, knowing that there were insufficient funds available at Founders Bank to cover that check which he deposited.

Defendant's conduct caused a loss to the banks totaling approximately $340,000.

**Count Two – Failure to File Return**

(b)   With respect to Count Two, during the calendar year 2005, defendant BRIAN C. ROGERS, a resident of the Northern District of Illinois, was employed by Crystal Communications. During calendar year 2005, defendant BRIAN C. ROGERS had and received gross income of approximately $353,398 consisting of wages in the amount of approximately $70,200 and gambling income totaling at least $283,198. Defendant BRIAN C. ROGERS, knew that he was required by law to file an income tax return with the Internal Revenue Service for the calendar year 2005 on or before April 17, 2006, however he knowingly and willfully failed to do so.

**Count Three – Failure to File Return**

(c) With respect to Count Three, during the calendar year 2006, defendant BRIAN C. ROGERS, a resident of the Northern District of Illinois had and received gross income of approximately $120,386, consisting of wages of approximately $16,200, and gambling income of at least $104,186. Defendant BRIAN C. ROGERS knew that he was required by law to file an income tax return with the Internal Revenue Service for the calendar year 2006 on or before April 17, 2007, however he knowingly and willfully failed to do so.

6.   Defendant also acknowledges that for the purpose of computing his sentence under

the advisory U.S. Sentencing Guidelines, the following conduct to which he stipulates beyond a reasonable doubt, constitutes relevant conduct under Guideline § 1B1.3 of the Guidelines.

(a) During the calendar year 2002, defendant BRIAN C. ROGERS, a resident of the Northern District of Illinois, was employed by Crystal Communications. During calendar year 2002, defendant had and received gross income of approximately $72,200, consisting of wages and gambling income. Defendant BRIAN C. ROGERS, knew that he was required by law to file an income tax return with the Internal Revenue Service for the calendar year 2002 on or before April 15, 2003, however he knowingly and willfully failed to do so.

(b) During the calendar year 2003, defendant BRIAN C. ROGERS, a resident of the Northern District of Illinois, was employed by Crystal Communications. During calendar year 2002, defendant had and received gross income of approximately $88,314, consisting of wages and gambling income. Defendant BRIAN C. ROGERS, knew that he was required by law to file an income tax return with the Internal Revenue Service for the calendar year 2003 on or before August 15, 2004, however he knowingly and willfully failed to do so.

(c) During the calendar year 2004, defendant BRIAN C. ROGERS, a resident of the Northern District of Illinois, was employed by Crystal Communications. During calendar year 2004, defendant had and received gross income of approximately $434,474, consisting of wages and gambling income. Defendant BRIAN C. ROGERS, knew that he was required by law to file an income tax return with the Internal Revenue Service for the calendar year 2004 on or before April 15, 2005, however he knowingly and willfully failed to do so.

Therefore, for purposes of calculating the guidelines promulgated by the United States Sentencing Commission, defendant's unreported gross income for the years 2002 through 2006 is

$1,068,776, with a corresponding federal tax due in the amount of $262,220.

7. For purposes of calculating the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, the parties agree on that the Guidelines effective November 1, 2007 apply. The parties further agree on the following points:

### Count One – Bank Fraud

(a) Pursuant to USSG § 2B1.1(a)(1) the base offense level for Count One is 7.

(b) Pursuant to USSG § 2B1.1(b)(1)(G) the base offense level is increased by 12 levels to reflect a loss of more than $200,000 but less than $400,000.

### Counts Two and Three – Failure to File Return

(c) Pursuant to USSG §§ 2T1.1(a)(1) and 2T4.1(G), the base offense level for Counts Two, Three, and the related conduct, is 18, which reflects a total tax loss of $262,220, which is more than $200,000 but less than $400,000.

(d) Pursuant to USSG § 3D1.4, the base offense level is increased by 2-levels.

(e) Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if the defendant continues to accept responsibility for his actions, within the meaning of Guideline 3E1.1, a two-level reduction in the offense level is appropriate.

(f) Defendant has provided timely complete information concerning his own involvement in the offense, timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate

its resources efficiently, within the meaning of Guideline 3E1.1(b); an additional one-point reduction in the offense level is therefore appropriate, provided the Court determines the offense level to be 16 or greater prior to the operation of Guideline 3E1.1(a).

(g) Based on the facts known to the government and defendant, the defendant's criminal history points equal 0, his criminal history category is I, his adjusted offense level is 18; and his projected guideline range is 27-33 months.

(h) The defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. The defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

8. Errors in calculations or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or Court setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be affected by such corrections, and the defendant shall not have a right to withdraw his plea on the basis of such corrections.

9. Defendant understands that, in imposing the sentence, the Court will be guided by the United States Sentencing Guidelines. The defendant understands that the Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

10. Defendant understands the counts to which he will plead guilty carry the following penalties:

(a) Counts One carries a maximum penalty of thirty years imprisonment and a maximum fine of $1,000,000; and Counts Two and Three each carry a maximum penalty of one year imprisonment and a maximum fine of $25,000, together with costs of prosecution estimated to be $500.

(b) Defendant understands these counts also carry a term of supervised release of not more than five years on Count One, and not more than one year on Counts Two and Three, which the Court may specify.

Therefore, the total potential sentence carried under the counts to which defendant will plead guilty is 32 years imprisonment, a $1,050,000 fine, a term of supervised release, together with costs of prosecution, estimated to be $500.

11. The defendant understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, the defendant will be assessed $100 on Count One and $25 on the remaining counts to which he has pled guilty, in addition to any other penalty imposed. The defendant agrees to pay the special assessment of $150 at the time of sentencing with a check or money order made payable to the Clerk of the U. S. District Court.

12. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be

conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b)   If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt and that it was to consider each count of the information separately.

(c)   If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d)   At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e)   At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

13. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty or the sentence.

14. Nothing in this Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties from the defendant. Defendant further understands that the amount of tax as calculated by the Internal Revenue Service may exceed the amount of tax due as calculated for the criminal case.

(a) Defendant agrees to transmit his original records, or copies thereof, and any additional books and records which may be helpful, to the Examination Division of the Internal Revenue Service so that the Internal Revenue Service can complete its civil audit of defendant, for the years 1999 through 2004.

(b) Preliminary to or in connection with any judicial proceeding, as that term is used in F.R.Cr. P. 6(e), defendant will interpose no objection to the entry of an order under Rule 6(e) authorizing disclosure of those documents, testimony and related investigative materials which may constitute grand jury material. Defendant will not object to the government soliciting consent from third parties, who provided information to the grand jury pursuant to grand jury subpoena, to turn those materials over to the Civil Division, appropriate federal or state administrative agency or the Internal Revenue Service, for use in civil or administrative proceedings or investigations, rather than returning them to such third party for later summons or subpoena in connection with the civil case or collection of taxes from defendant.

15. Defendant understands that the information and this Plea Agreement are matters of public record and may be disclosed to any party.

16. Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

17. At the time of sentencing, the parties are free to recommend any sentence they deem appropriate.

18. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose the maximum penalties as set forth in paragraph 10 above. However, the sentencing court is obligated to consult and take into account the Sentencing Guidelines in imposing a reasonable sentence.

19. Regarding restitution, the parties acknowledge that the total amount of restitution defendant owes for the loss caused to First National Bank of Illinois is $340,000. Pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant to make restitution in this amount minus any credit for funds repaid prior to sentencing. Defendant further agrees, pursuant to Title 18, United States Code, Section 3663(a)(3), to the entry of an order requiring him to make restitution in the amount of $262,000 to the United States Treasury, which reflects the amount of his unpaid federal income tax exclusive of penalties and interest for the tax years 2002 through 2006. Defendant understands that the amount of tax loss as calculated by the Internal Revenue Service may exceed the amount of tax due as calculated for restitution purposes in the criminal case.

20. Defendant understands that Title 18, United States Code, Section 3664 and Section 5E1.1 and 5E1.2 of the Sentencing Guidelines set forth the factors to be weighed in setting a fine and

in determining the schedule, if any, according to which the restitution is to be paid in this case. Defendant agrees to provide full and truthful information to the Court and the United States Probation Officer regarding all details of his economic circumstances, including all tax returns and related information as may be requested, in order to determine the manner in which and the schedule according to which restitution is to be paid. Furthermore, defendant understands that he is required to notify the Court and the United States Attorney's Office of any material changes in his economic circumstances that might affect his ability to pay restitution. Defendant understands that providing false or incomplete information may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the court.

21.  Defendant understands that his compliance with each part of this Plea Agreement extends throughout and beyond the period of his sentence, and failure to abide by any term of the Plea Agreement is a violation of the Agreement. He further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Agreement, or to resentence the defendant. The defendant understands and agrees that in the event that this Plea Agreement is breached by the defendant, and the Government elects to void the Plea Agreement and prosecute the defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of such prosecutions.

22.  Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause

defendant to plead guilty.

23. Defendant agrees this Plea Agreement shall be filed and become a part of the record in this case.

24. Should the judge refuse to accept the defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound thereto.

25. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 7-29-08

PATRICK J. FITZGERALD  
United States Attorney

PATRICK J. KING, JR.  
Assistant United States Attorney

BRIAN C. ROGERS  
Defendant

GERALD COLLINS,  
Attorney for Defendant

13